IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAMRON O. JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00455 |
| ANDREW McCULLOUGH, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Camron James, an inmate of the Rutherford County Adult Detention Center (RCADC), has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2).

The case is before the Court for ruling on Plaintiff's IFP application and initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's

preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under Section 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege: (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## B. Allegations and Claims

Plaintiff, a pretrial detainee at the RCADC, claims that his constitutional rights were violated "by means of excessive punishment" while being escorted to segregation by Deputy Andrew McCullough on January 26, 2024. (Doc. No. 1 at 5.) He alleges that, despite being handcuffed behind his back and fully compliant with Deputy McCullough's commands, he was handled roughly and was ultimately picked up and slammed to the floor face first, resulting in chipped front teeth and lacerated lips. Deputy McCullough then pinned Plaintiff to the floor with his knee on Plaintiff's neck and back. (*Id.*) While Plaintiff identifies two other deputies who were "involved" with this incident (*id.*), he sues only McCullough and the RCADC, against whom he seeks an award of damages.

**C. Analysis**

As an initial matter, the RCADC is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." *Tucker v. Salandy*, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017). Nor does the Complaint support construal of the claim against the RCADC as one against Rutherford County itself. To proceed against Rutherford County, Plaintiff would need to allege that his injury was directly caused by the execution of a County policy or custom, *see Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010), such that "through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1038 (6th Cir. 2024) (citation and internal quotation marks omitted). No such allegation is made in this case.

As against Deputy McCollough, Plaintiff plausibly asserts a claim for violation of his right to be free from excessive force. When an excessive force claim is asserted by a convicted prisoner, the right arises under the Eighth Amendment and the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation omitted). However, because Plaintiff was a pretrial detainee at the time of this incident (*see* Doc. No. 1 at 1), his excessive force claim arises under the Fourteenth Amendment, pursuant to which he needs to demonstrate "only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*,

4

Case 3:24-cv-00455    Document 5    Filed 05/16/24    Page 4 of 6 PageID #: 40

135 S. Ct. 2466, 2473 (2015) (holding that claim of Fourteenth Amendment excessive force claim does not have subjective component because, e.g., "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically'").

Plaintiff alleges that McCullough slammed him to the ground while he was handcuffed behind his back and compliant, and that he suffered dental and facial injuries as a result of this unnecessary application of force. For purposes of initial review, these allegations are sufficient to state a nonfrivolous claim for the objectively unreasonable, excessive use of force by Deputy McCullough. This claim will proceed for further development.

### III. CONCLUSION

As explained above, the Complaint states a nonfrivolous claim against Defendant Andrew McCullough. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for this Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Defendant Rutherford County Adult Detention Center is **DISMISSED** from this action.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE